IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICH AUREL, #317239                      \*
        Plaintiff
    v.                                        \*      CIVIL ACTION NO.: ELH-16-1494

WARDEN                                  \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICH AUREL, #317239                      \*
        Plaintiff
    v.                                        \*      CIVIL ACTION NO.: ELH-16-1839

WARDEN JEFF NINES, *et al.*          \*
                                                             \*\*\*\*\*\*

## **MEMORANDUM**

On May 18, 2016, the court received a prisoner civil rights action (ECF 1) filed by Mich Aurel,[1] an inmate confined at the North Branch Correctional Institution ("NBCI"). The complaint, filed on toilet paper, claims that Aurel had been designated for housing on disciplinary segregation and his two boxes of legal materials had been confiscated. He seeks $10,000,000 in damages. The matter was instituted as a suit under 42 U.S.C. § 1983. *See Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.) ("Aurel I").

On June 2, 2016, Aurel filed another complaint (ECF 1), using a 42 U.S.C. § 1983 form, and a motion for leave to proceed in forma pauperis (ECF 2). *See Aurel v. Nines, et al.*, Civil Action No. ELH-16-1839 (D. Md.). ("Aurel II"). He again alleges that his legal papers and law books have been confiscated, in violation of his rights under the First Amendment. In addition, Aurel complains that photographs of his family and jewelry were confiscated, lost, or taken. He seeks the

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

return of the materials and $10,000 in damages for each day his materials remain seized. *Aurel II*, ECF 1.

As to the jewelry, Aurel asserts that it is valued at $7,500. He claims it was mailed to his daughter through the NBCI mailroom in February or March of 22016, but was never received. *See Aurel II*, ECF 1 at 3.[2]

Inasmuch as the two complaints raise similar claims, they shall be consolidated for all purposes.

Aurel is litigious. These cases represent the twenty-sixth and twenty-seventh actions that Aurel has filed in this court over the past five years.[3] In three of those cases Aurel was granted

---

[2] In such cases, sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor,* 451 U.S. 527, 542–44 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. *See Juncker v. Tinney,* 549 F.Supp. 574, 579 (D. Md. 1982). The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, assuming Aurel's personal property was lost or intentionally taken, as Aurel implies, such a claim does not rise to a constitutional violation.

[3] *See Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al.*, ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al.*, Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); and *Aurel v. Wexford Health Sources, et al.*, Civil Action No. ELH-16-1293 (D. Md.).

leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure to state a claim. He was notified that the dismissals constituted "strikes" under § 1915(e),[4] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[5]

As noted, three of Aurel's prior cases in this Court were dismissed under 28 U.S.C. § 1915(g). Therefore, he may not procced in this action unless he (1) submits the $400 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury.

Aurel does not allege he faces imminent danger of serious physical injury at the time he filed his complaints, and there is no plausible basis for concluding such a danger existed. *See Sayre v. King*, 2014 WL 4414509, * 3 (N.D. W.Va. 2014) (prisoner's claim that he was denied access to all of his legal materials does not rise to the level of imminent danger of serious

---

[4] *See Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

[5] Specifically, §1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

physical injury satisfying § 1915(g) exception).   Aurel is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee.  In the alternative, a complaint filed with an indigency application must assert and demonstrate that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his consolidated complaint shall be dismissed, without prejudice, by separate Order.


Date:  June  6, 2016                             _____/s/_____
                                                 Ellen L. Hollander
                                                 United States District Judge